UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOUNTVILLE INVESTORS, LLC, a
Washington limited liability company,

    Plaintiff,

v.

BANK OF AMERICA, N.A., a national banking
association charted in North Carolina,

    Defendant.

CASE NO. C08-425RSM

ORDER ON PENDING MOTIONS TO SEAL

This matter is before the Court for consideration of the parties' three separate motions to seal, Dkt. ## 18, 22, 30. The Court has considered the motions together with relevant case law and the Local Rules of this Court. For the reasons set forth below, each motion shall be granted in part and denied in part.

## DISCUSSION

The pending motions to seal relate to plaintiff's motion for a preliminary injunction filed December 11, 2008. Plaintiff has accompanied both the motion and reply with a request to maintain the motion itself, the reply, and all supporting declarations and exhibits under seal. Dkt. ## 22, 30. Plaintiff asserts that these memoranda and declarations contain or reference documents that were designated "Confidential" under the terms of a Protective Order between the parties. Defendant Bank of America has responded to each of these motions with a more limited list of exhibits within the attached declarations that should remain under seal. Dkt. ## 28, 37. Defendant has also moved to maintain under seal certain designated exhibits attached to defendant's response. Dkt. # 22.

ORDER ON MOTIONS TO SEAL - 1

The Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. "There is a strong presumption of public access to the court's files. With regard to dispositive motions, this presumption may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." Local Rule CR 5(g)(1)(as amended January 1, 2009).

Under Washington law, as well as the rules of this Court, a party wishing to seal a document must demonstrate a "compelling interest" for doing so. Proceedings cloaked in secrecy foster mistrust and, potentially, misuse of power. The operations of the courts and the judicial conduct of judges are matters of utmost public concern. *Seattle Times Co. v. United States Dist. Court*, 845 F.2d 1513, 1516 (9th Cir.1988). As stated by the Washington Supreme Court,

> Our state constitution "entitles the public, and ... the press is part of that public, to openly administered justice." *Cohen*, 85 Wash.2d at 388, 535 P.2d 801. "The right of access to judicial records, like the openness of court proceedings, serves to enhance the basic fairness of the proceedings and to safeguard the integrity of the fact-finding process." *Republic of Philippines v. Westinghouse Elec. Corp.*, 139 F.R.D. 50, 56 (D.N.J.1991) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508, 104 S.Ct. 819, 823, 78 L.Ed.2d 629 (1984)).

*Dreiling v. Jain*, 151 Wash. 2d 900, 908-09 (2004).

In balancing public and private interests in sealing court records, the courts distinguish between dispositive and non-dispositive motions.

> [T]here are good reasons to distinguish between dispositive motions and discovery. Mere discovery may be sealed "for good cause shown." Civil Rule (CR) 26(c). "Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). As this information does not become part of the court's decision making process, article I, section 10 [of the Washington State constitution] does not speak to its disclosure. However, the same cannot be said for materials attached to a summary judgment motion. Summary judgment effectively adjudicates the substantive rights of the parties, just like a full trial. Accordingly, when previously sealed discovery documents are attached in support of a summary judgment motion, they lose their character as the raw fruits of discovery. Such documents may not be kept from public view "without some overriding interest" requiring secrecy. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir.1988).

*Id*. at 909-10.

ORDER ON MOTIONS TO SEAL - 2

Parties seeking an order to seal any document must seek prior authorization to do so. The facts supporting any motion to seal, even an agreed or stipulated motion, must be provided by declaration or by affidavit. To obtain a court order sealing documents attached in support of a non-dispositive motion, the parties must make a particularized showing under the "good cause" standard of F.R.Civ.P. 26(c). *See, Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1179 (9th Cir. 2006). To obtain a court order sealing documents attached to a summary judgment or other dispositive motion, the parties must meet a "compelling reasons" standard rather than the lesser "good cause" standard. *Id*. at 1177-79; *Foltz v. State Farm Mutual Automobile Insurance Co*., 331 F. 3d 1122, 1136 (9th Cir. 2003). A motion for a preliminary injunction is treated as a dispositive motion under these rules.

The Local Rules of this Court were amended January 1, 2009 to explicitly set forth the Court's expectations regarding motions to seal. The previous rule stated as follows: "The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." Local Rule CR 5(g)(2). Pursuant to the cases cited above, the facts supporting any motion to seal, even an agreed or stipulated motion, shall be provided by declaration or by affidavit. The amended local rule, as set forth below, simply makes explicit what was previously implicit in the rule. It now reads, in relevant part,

**(g) Sealing of Court Records**

. . . .

(3) If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal. The court will allow parties to file entire memoranda under seal only in rare circumstances. A motion or stipulation to seal usually should not itself be filed under seal. A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary. If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal. A motion or stipulation to seal should include an explanation of why redaction is not feasible.

(4) A motion or stipulation to seal shall provide a specific description of particular documents or categories of documents a party seeks to protect and a clear statement of the facts justifying sealing and overcoming the strong presumption in favor of public access. The facts supporting any motion or stipulation to seal must be provided by declaration or affidavit.

Local Rule CR 5(g).

I. <u>Plaintiff's Motion to Seal the Preliminary Injunction Motion</u> (Dkt. # 18).

In the first motion, plaintiff Yountville Investors, Inc, ("Yountville") has moved to seal the motion for a preliminary injunction, two declarations and all attached exhibits (Dkt. ## 19, 20, 21) Plaintiff has filed no declaration or affidavit in support of this motion to seal, leaving that task to defendant. Plaintiff's motion, standing alone, is far too broad, fails to provide supporting declarations as required by Local Rule CR 5(g)(4), and asks the Court to take the unusual step of allowing a party to file an entire memorandum under seal.

In response to the motion, defendant Bank of America, whose interest in confidentiality of certain information is actually at issue, has provided a more limited list of documents which should remain sealed, namely the Declaration of Phillip Sherburne (Dkt. # 20) and Exhibits 1, 7, 8, 9, and 10 thereto, as well as Exhibits 11, 13 through 16, and 19 through 21 attached to the Declaration of David Hoff (Dkt. # 21). Most of these documents represent agreements or discussions between plaintiff and defendant regarding the terms of an interest rate swap, the subject of this litigation. A few represent internal memoranda discussing Bank of America's policies or procedures on interest rate swaps.

Defendant's response is supported by the Declaration of Logan Taylor, filed contemporaneously in support of defendant's own motion to seal (Dkt. # 23). With respect to the documents relating to the actual agreement or discussions between plaintiff and defendant, Mr. Taylor states,

> Bank of America's quoted swap rates, discussion of those rates, and/or discussions of the mark-to-market settlement amounts for the interest rate swap between Bank of America and Yountville are not publicly available. Information about Bank of American's swap rates and how it calculates them would permit Bank of America's competitors in the swaps market to better understand how Bank of America prices its swaps and thereby give Bank of America's competitors a competitive edge they would not otherwise have.

Dkt. # 23, ¶ 6. With respect to documents relating to internal memoranda and discussions, Mr. Logan states,

> Bank of America's internal policies and procedures regarding interest rate swaps and derivatives are not publicly available and to the best of my knowledge Bank of America does not circulate them to persons outside the Bank. If those policies were made publicly available, Bank of America's competitors would gain a better understanding of Bank of America's proprietary approach to derivatives, thereby reducing Bank of America's competitive advantage in pricing such derivatives that the confidentiality of that approach helps to promote.

Dkt. # 23, ¶ 4.

ORDER ON MOTIONS TO SEAL - 4

Defendant asserts that Mr. Logan's statements provide a basis for maintaining the confidentiality of the internal memoranda and communications, which appear as Exhibits 11, 15, 20 and 21 to the Declaration of David Hoff, as the information therein may be viewed as trade secrets or proprietary information. However, a review of these documents reveals no trade secrets in their content. One communication, for example, was distributed to more than fifty people, and refers to a document "that has probably been looked at by every corporate attorney in America." Dkt. # 21, Exhibit 11. The three others represent questions and answers regarding details of the agreement between plaintiff and defendant. Again, no trade secrets are revealed.

Mr. Logan's declaration provides no compelling reason justifying the sealing of these or the remaining documents to protect them from public view. The internal communications contain no trade secrets. The information that is contained in agreements or communications between plaintiff and defendant can not be protected as a trade secret, because it has been given to a customer. While the parties may themselves regard these documents as "confidential", they do not contain the type of information (account numbers, personal data, trade secrets, and so forth) that would justify sealing. The documents contain no spreadsheets, computer codes, formulas for calculating swap rates, or any other information that could be considered a trade secret. As to these documents, defendant has failed to present facts which would overcome the strong presumption of public access. Indeed, in light of the current economic climate, the public's interest in access to these documents which may provide some insight into the shadowy world of financial derivatives, shall be accorded great weight.

Accordingly, plaintiff's first motion to seal (Dkt. # 18) is DENIED.

II. <u>Defendant's Motion to Seal Opposition Documents</u> (Dkt. # 22)

Defendant has asked that the following documents filed with its opposition to the preliminary injunction motion be kept under seal: the Declaration of Logan Taylor, together with certain identified exhibits (Dkt. # 27); the Declaration of Janice Morris and attached Exhibit A (Dkt. # 25), the opposition memorandum itself (Dkt. # 24), "to the extent that it quotes from or discusses the declarations or exhibits above;" and certain identified exhibits attached to the Declaration of Charles Wright (Dkt. # 26). The exhibits attached to the Declaration of Charles Wright are ones that were designated by plaintiff as

1 "confidential," and it is therefore incumbent upon plaintiff to make the requisite Local Rule 5(g)(4)
2 showing by stipulation and declaration. As plaintiff has filed no response or stipulation to defendant's
3 motion to seal these exhibits, the motion shall be summarily DENIED as to Exhibits A, B, D, and E
4 attached to the Declaration of Charles Wright (Dkt. # 26).

5       As to the Declaration of Janice Morris and attached Exhibit A, the Court finds in Mr. Taylor's
6 supporting declaration (Dkt. # 23) no compelling reason to justify sealing. Mr. Taylor states that quoted
7 interest swap rates and discussion of those rates are not publicly available, and that information on those
8 rates and how they are calculated might give competitors a "competitive edge." Taylor Declaration, Dkt.
9 # 23, ¶ 6. However, neither the facts stated in Ms. Morris' declaration, nor the attached exhibit, reveal
10 any trade secrets or proprietary information. Defendant's fear of a possible edge to competitors from the
11 facts stated appears unfounded, and is not sufficiently compelling to outweigh the public's right of access.
12 The motion to seal shall be DENIED as to this declaration and attached Exhibit A.

13       Applying these guidelines to the Declaration of Logan Taylor (Dkt. # 27) the Court finds that
14 exhibits A, B, D, and E are documents that contain information or format which may be considered
15 proprietary or trade secrets. The motion to seal shall be GRANTED as to these exhibits. As to the
16 declaration itself, and attached Exhibits F, H, I, J, and K, the Court finds upon review of the documents,
17 which represent communications between the parties and within defendant's organization, no compelling
18 basis to justify sealing. The motion to seal shall be DENIED as to the Declaration of Logan Taylor and
19 Exhibits F, H, I, J, and K. The motion is also DENIED as to defendant's opposition memorandum, Dkt. #
20 24.

21       III. <u>Plaintiff's Reply Memorandum and Exhibits</u> (Dkt. # 30)

22       Finally, plaintiff has asked that the entire reply memorandum, together wit two attached
23 supplemental declarations, be kept under seal. Again, plaintiff has provided no support by way of affidavit
24 for this request, relying on defendant, as the party who designated the materials as "confidential" to make
25 the requisite showing. Defendant, in response, has asked that only Exhibit 21 to the Supplemental
26 Declaration of David Hoff be kept under seal. Dkt. # 37. The Court has reviewed this document and
27 finds that it contains no trade secrets or other proprietary information which might justify sealing. The
28

exhibit consists of an expert report together with attached documents, namely the expert's *curriculum vitae*, and a handbook from the Comptroller of the Currency, Administrator of national Banks title "Risk Management of Financial Derivative," and interpretive letters which have been appropriately redacted. Defendant has not satisfied the Court that it has a compelling interest in maintaining the secrecy of this document that outweighs the public interest in access.

This motion to seal is accordingly DENIED in its entirety.

## CONCLUSION

It is hereby ORDERED:

(1) Plaintiff's motion to seal the preliminary injunction motion and attached declarations (Dkt. # 18) is DENIED.

(2) Defendant's motion to seal the opposition memorandum (Dkt. #22) is GRANTED as to Exhibits A, B, D, and E attached to the Declaration of Logan Taylor, Dkt. # 27.  Defendant's motion to seal (Dkt. # 22) is DENIED in all other respects.

(3) Plaintiff's motion to seal the reply memorandum and all attached declarations is DENIED.

(4)  The Clerk shall unseal the preliminary injunction motion, responsive memoranda, and attached documents  (Dkt.## 19, 20, 21, 24, 25, 26, 27 (**except for Exhibits A, B, D, and E**)**,** 31, 32, and 33 on February 20, 2009 unless plaintiffs have withdrawn the motion prior to that date as set forth in Local Rule CR 5(g)(5).

Dated this 17 day of February, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE