UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOUNTVILLE INVESTORS, LLC, a
Washington limited liability company,

Plaintiff,

v.

BANK OF AMERICA, N.A., a national banking
association charted in North Carolina,

Defendant.

CASE NO. C08-425RSM

ORDER ON MOTION FOR A
PRELIMINARY INJUNCTION

This matter is before the Court for consideration of plaintiff's motion for a preliminary injunction, filed December 11, 2008. Dkt. # 19. Plaintiff asks that the Court "restore the status quo and postpone all monthly payments becoming due from Yountville to Defendant Bank of America . . . under interest-rate swap documents, until the merits of this lawsuit are resolved." *Id.*, p. 1. Defendant has opposed the motion and has asked the Court to strike certain portions of plaintiff's reply. Dkt. # 35. Having considered the parties' memoranda and the balance of the file, the Court now finds and rules as follows:

(1) <u>Motion to Strike</u> (Dkt. # 35)

ORDER ON MOTION FOR PRELIMINARY
INJUNCTION - 1

1  Defendant asks that the Court strike from plaintiff's reply brief (1) expert testimony which was presented for the first time in reply, and (2) an improper statement of New York law which was presented in plaintiff's reply. Defendant has shown good cause for both requests and the motion is accordingly GRANTED.

(2) <u>Motion for Preliminary Injunction</u> (Dkt. # 19)

The subject of this litigation is an interest rate swap agreement between plaintiff and defendant. Under the agreement, payments are owed by one party to the other, depending on the prevailing interest rates, as determined by a monthly index. For the first few months after the agreement was signed,[1] payments flowed from defendant to plaintiff. Since November 2007, and throughout 2008, due to the prevailing low interest rates, plaintiff has made payments to defendant. Plaintiff asserts that the payments have become overly burdensome, reaching some $98,037.50 for the January 15, 2009 payment, and asks that they be suspended until the validity and enforceability of the interest rate swap agreement can be determined at trial. Plaintiff's Reply, Dkt. # 31.

The central purpose of a preliminary injunction is to preserve the status quo pending resolution of the merits of the case at trial. *Chalk v. United States District Court*, 840 F.2d 701, 704 (9th Cir.1988). The status quo is the last uncontroverted status that preceded the pending controversy. *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir.1963). In the instant case, the status quo would be the continuation of payments, not the suspension of payments. However, maintaining the status quo is not a talisman. *Golden Gate Restaurant Association v. City and County of San Francisco*, 512 F. 3d 112, 116 (9th Cir. 2008). In so stating, the appellate court quoted a decision from the Fifth Circuit:

> It must not be thought . . . that there is any particular magic in the phrase 'status quo.' The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. It often happens that this purpose is furthered by preservation of the status quo, but not always. If the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury . . . The focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo.

---

[1] The Court notes that there is controversy over the signing of the agreement. The Court's reference to the "months after the agreement was signed" does not constitute an actual finding of fact that the document was properly signed, or when it was signed.

ORDER ON MOTION FOR PRELIMINARY INJUNCTION - 2

*Id.*, quoting *Florida v. Callaway*, 489 F.2d 567, 576 (5th Cir.1974); *See also Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d at 809 (observing that the principle that a preliminary injunction should preserve the status quo is "not to be understood as . . . [a] hard and fast rule[ ], to be rigidly applied to every case regardless of its peculiar facts").

The focus, then, is on whether the preliminary injunction is necessary to prevent irreparable harm. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008).

The likelihood of success on the merits cannot be viewed in plaintiff's favor at this time because the witness's contradictory declarations have presented an issue of material fact which cannot be resolved without credibility determinations. *See*, Declaration of Janice Morris, Dkt. # 25; Supplemental Declaration of Philip Sherburne, Dkt. # 33; Second Supplemental Declaration of Philip Sherburne, Dkt. # 36. Nevertheless, the Court can find, on the basis of the "irreparable harm" requirement, that plaintiff is not entitled to a preliminary injunction.

Plaintiff asserts that continued payments to defendant under the rate swap agreement are unduly burdensome and may drive it into insolvency. However, it is a long-standing principle that "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-a-Center v. Canyon Television and Appliance*, 944 F. 2d 597, 603 (9th Cir. 1991), citing *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F. 2d 1197, 1202 (9th Cir. 1980). As stated by the Supreme Court,

> "The key word in this consideration is *irreparable*. Mere injuries, however, substantial, in terms of money, time and energy necessarily expended . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

*Sampson v. Murray*, 415 U.S. 61, 90 (1974), quoting *Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F. 2d 921, 925 (D.C.Cir. 1958).

This action was filed March 13, 2008. Plaintiff waited nine months, until December 11, 2008, to

ORDER ON MOTION FOR PRELIMINARY INJUNCTION - 3

move for a preliminary injunction. The motion was originally improperly noted for the third Friday after filing instead of the fourth, which fell on a day when the Court was closed. Dkt. #3 22, 29; Local Rule CR 7(d)(3). The preliminary injunction motion was accompanied by a motion to seal which had to be considered first. Dkt. # 18. Plaintiff corrected the noting date, and subsequent motions to seal, noted for January 9, and January 23 followed with the response and reply briefs. Dkt. ## 22, 29, 30.

These facts indicate a lack of urgency in the motion which, together with plaintiff's failure to demonstrate irreparable harm, lead the Court to conclude that the motion for a preliminary injunction must be DENIED.

DATED this 4th day of March 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR PRELIMINARY
INJUNCTION - 4