UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOUNTVILLE INVESTORS, LLC, a
Washington limited liability company,

    Plaintiff,

v.

BANK OF AMERICA, N.A., a national banking
association charted in North Carolina,

    Defendant.

CASE NO. C08-425RSM

ORDER ON PENDING MOTIONS TO SEAL

This matter is before the Court for consideration of the parties' three separate motions to seal, Dkt. ## 43, 48, and 57. The Court has considered the motions together with relevant case law and the Local Rules of this Court. For the reasons set forth below, each motion shall be granted in part and denied in part.

## DISCUSSION

The pending motions to seal relate to defendant's motion for summary judgment, Dkt. # 44, and plaintiff's motion for leave to amend, Dkt. # 50. As stated in the previous Order on Motions to Seal (Dkt. # 41), the Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. "There is a strong presumption

ORDER ON MOTIONS TO SEAL - 1

of public access to the court's files. With regard to dispositive motions, this presumption may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." Local Rule CR 5(g)(1)(as amended January 1, 2009).

Under the rules of this Court, as well as Washington law, a party wishing to seal a document must demonstrate a "compelling interest" for doing so. Proceedings cloaked in secrecy foster mistrust and, potentially, misuse of power. The operations of the courts and the judicial conduct of judges are matters of utmost public concern. *Seattle Times Co. v. United States Dist. Court*, 845 F.2d 1513, 1516 (9th Cir.1988).

Parties seeking an order to seal any document must seek prior authorization to do so. The facts supporting any motion to seal, even an agreed or stipulated motion, must be provided by declaration or by affidavit. To obtain a court order sealing documents attached to a summary judgment, or other dispositive motion, the parties must meet a "compelling reasons" standard rather than the lesser "good cause" standard. *Id*. at 1177-79; *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F. 3d 1122, 1136 (9th Cir. 2003). To enforce these standards, the local rules of this Court provide as follows:

> **(g) Sealing of Court Records**
>
> . . . .
>
> (3) If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal. The court will allow parties to file entire memoranda under seal only in rare circumstances. A motion or stipulation to seal usually should not itself be filed under seal. A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary. If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal. A motion or stipulation to seal should include an explanation of why redaction is not feasible.
>
> (4) A motion or stipulation to seal shall provide a specific description of particular documents or categories of documents a party seeks to protect and a clear statement of the facts justifying sealing and overcoming the strong presumption in favor of public access. The facts supporting any motion or stipulation to seal must be provided by declaration or affidavit.

Local Rule CR 5(g). The parties have fully complied with these requirements in designating the specific documents to be sealed and in providing the justification therefore.

ORDER ON MOTIONS TO SEAL - 2

Accordingly, the Court finds and rules as follows:

1. **<u>Defendant's Motion to Seal Summary Judgment Exhibits</u> (Dkt. # 43)**.

This motion is GRANTED only as to Exhibit A to the Declaration of Charles Wright, filed as Dkt. # 47-1. The motion is DENIED as to Exhibits H, P, and Q attached to the Declaration of Charles Wright, filed as Dkt. ## 47-2, 47-3, and 47-4, and filed again at Dkt. # 53.

2. **<u>Plaintiff's Motion to Seal Exhibits to Motion for Leave to Amend</u> (Dkt. # 48)**

This motion is GRANTED as to the selected portions Exhibits A and B to the Declaration of David Hoff, filed under seal at Dkt. # 52 and 52-2, and as to Exhibit O, to the declaration of David Hoff, filed at Dkt. # 52-10.[1] The motion is DENIED as to the balance of the exhibits filed at Dkt. # 52.

3. **<u>Plaintiff's Motion to Seal Summary Judgment Opposition Exhibits</u> (Dkt. # 57)**

This motion is GRANTED as to Exhibit D to the Declaration of David Hoff, filed in Dkt. # 58. It is DENIED as to Exhibit A to the Declaration of David Hoff, also filed in Dkt. # 58.

The Court notes that this document and the attached exhibits were filed as one document which cannot be separated for the purposes of unsealing portions. Accordingly, the Court directs that Dkt. # 58 shall REMAIN UNDER SEAL, and plaintiff shall file separately and without seal a copy of Exhibit A to the Declaration of David Hoff.

Accordingly, it is ORDERED:

(1) The Clerk shall MAINTAIN UNDER SEAL Exhibit A to the Declaration of Charles Wright, filed as Dkt. # 47-1. The Clerk shall also MAINTAIN UNDER SEAL portions Exhibits A and B to the Declaration of David Hoff, filed under seal at Dkt. # 52 and 52-2, and Exhibit O, to the Declaration of David Hoff, filed at Dkt. # 52-10. The Clerk shall also MAINTAIN UNDER SEAL Dkt. # 58.

(2) The Clerk shall UNSEAL Exhibits H, P, and Q attached to the Declaration of Charles Wright, filed as Dkt. ## 47-2, 47-3, and 47-4; and again at Dkt. # 53. The Clerk shall also UNSEAL the remainder of the exhibits filed at Dkt. # 52 (those not designated above in (1)).

---

[1] Defendant has suggested it is appropriate to file redacted copies of these pages without seal. Dtk. # 55. However, the identification of the pages with sensitive information was so specific and narrow that the Court deems the filing of unsealed redacted copies unnecessary.

ORDER ON MOTIONS TO SEAL - 3

(3) Plaintiff shall file separately and without seal a copy of Exhibit A to the Declaration of David Hoff, Dkt. # 58. This shall be designated as Exhibit A to the Declaration of David Hoff in Opposition to Summary Judgment, Dkt. # 60.

Dated this 16th day of April, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS TO SEAL - 4